UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KIRELL FRANCIS BETTIS-TAYLOR, | ) | 1:09-cv-00949-LJO-SMS |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | DISMISS THE COMPLAINT WITHOUT |
| | ) | LEAVE TO AMEND FOR FAILURE TO |
| v. | ) | STATE FACTS SHOWING JURISDICTION |
| | ) | |
| TWENTIETH CENTURY FOX FILM | ) | |
| CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304. Pending before the Court is Plaintiff's complaint, filed on June 1, 2009.

I. Screening the Complaint

The Court must screen complaints brought by prisoners seeking relief against a governmental entity or officer. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Court determines that an allegation of poverty is untrue or that the action is 1) frivolous or malicious, 2) fails

1

1 to state a claim upon which relief may be granted, or 3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard... applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).

Although a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff does not meet his or her obligation to provide the grounds of entitlement to relief by supplying only conclusions, labels, or a formulaic recitation of the elements of a claim. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007). Factual allegations must be sufficient, when viewed in light of common experience, to raise a right to relief above the speculative level and to provide plausible grounds to suggest and infer the element, or to raise a reasonable expectation that discovery will reveal evidence of the required element. Bell, 127 S.Ct. at 1965.

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question,

2

Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint, and it may not be dismissed based on a court's assessment that the plaintiff will fail to find evidence to support the allegations or prove the claim to the satisfaction of the finder of fact. Bell, 127 S.Ct. at 1969.

If the Court determines that the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile. Lopez v. Smith, 203 F.3d at 1128.

A claim is frivolous if it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation. Id. A federal court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. Id.

The test for malice is a subjective one that requires the Court to determine whether the applicant is proceeding in good

1  faith. Kinney v. Plymouth Rock Squab. Co., 236 U.S. 43, 46
2  (1915); see Wright v. Newsome, 795 F.2d 964, 968 n. 1 (11th Cir.
3  1986). A lack of good faith is most commonly found in repetitive
4  suits filed by plaintiffs who have used the advantage of cost-
5  free filing to file a multiplicity of suits. A complaint may be
6  inferred to be malicious if it suggests an intent to vex the
7  defendants or abuse the judicial process by relitigating claims
8  decided in prior cases, Crisafi v. Holland, 655 F.2d 1305, 1309
9  (D.C.Cir. 1981); if it threatens violence or contains
10 disrespectful references to the Court, id.; or if it contains
11 untrue material allegations of fact or false statements made with
12 knowledge and an intent to deceive the Court, Horsey v. Asher,
13 741 F.2d 209, 212 (8th Cir. 1984).

   II. Plaintiff's Complaint

   Plaintiff, who is serving a life sentence for murder, sues Defendants Deputy District Attorney Shellie Samuels; Los Angeles Police Detective Andrew Purdy; Twentieth Century Fox Film Corporation; John Walsh, host of "America's Most Wanted"; "America's Most Wanted"; and Rupert Murdoch, owner of Fox Film Corporation with respect to untrue statements allegedly made by Deputy District Attorney Samuels and Detective Purdy that were allegedly repeated by Walsh during a broadcast. Plaintiff alleges that it was falsely stated that Plaintiff "snitched" on the co-participant in the murder. Plaintiff seeks damages and injunctive relief.

   III. Subject Matter Jurisdiction

   It is Plaintiff's burden to allege a short and plain statement of the grounds for the Court's jurisdiction unless the

4

Court already has jurisdiction and the claim needs no new jurisdictional support. Fed. R. Civ. P. 8(a)(1); <u>McNutt v. Gen. Motors Acceptance Corp. of Ind.</u>, 298 U.S. 178, 189 (1936).

Here, Plaintiff appears to allege only state law tort claims. Although Plaintiff appears to attempt to allege a conspiracy between the private parties and the detective and deputy district attorney, even if a conspiracy were adequately alleged, the conduct of which Plaintiff complains is not alleged to have injured a federally protected right.

It is established that the Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]... subjects, or causes to be subjected, any citizen of the United States... to the deprivation of any rights, privileges, or immunities secured by the Constitution... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To state a claim pursuant to § 1983, a plaintiff must plead that defendants acted under color of state law at the time the act complained of was committed and that the defendants deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. <u>Gibson v. United States</u>, 781 F.2d 1334, 1338 (9th Cir. 1986). Plaintiff has not stated facts implicating a federally protected right.

Here, because Plaintiff seeks relief only with respect to state-created rights, Plaintiff has not stated a factual basis for this Court's jurisdiction. Plaintiff explicitly states that he is not asserting diversity jurisdiction because all Defendants' principal places of business are in the state of

5

1  California. (Cmplt. p. 1, ¶ 1.)

2      Because of the nature of Plaintiff's claims, it would be
3  futile to allow Plaintiff to amend his complaint.

4      IV. <u>Recommendation</u>

5      Accordingly, it IS RECOMMENDED that Plaintiff's complaint BE
6  DISMISSED without leave to amend, and that the action be
7  terminated.

8      This report and recommendation is submitted to the United
9  States District Court Judge assigned to the case, pursuant to the
10 provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the
11 Local Rules of Practice for the United States District Court,
12 Eastern District of California. Within thirty (30) days after
13 being served with a copy, any party may file written objections
14 with the court and serve a copy on all parties. Such a document
15 should be captioned "Objections to Magistrate Judge's Findings
16 and Recommendations." Replies to the objections shall be served
17 and filed within ten (10) <u>court</u> days (plus three days if served
18 by mail) after service of the objections. The Court will then
19 review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636
20 (b)(1)(C). The parties are advised that failure to file
21 objections within the specified time may waive the right to
22 appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d
23 1153 (9th Cir. 1991).

24     Plaintiff is admonished not to attempt to file an amended
25 complaint as Plaintiff's recourse is to object to these findings
26 and recommendations. Plaintiff is further admonished that this
27 /////
28 ///////

1  Court will strike any amended complaint filed without the Court's
2  specific grant of permission to file an amended complaint.
3
4  IT IS SO ORDERED.
5  **Dated:     June 10, 2009**              **/s/ Sandra M. Snyder**
                                             UNITED STATES MAGISTRATE JUDGE